IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Veronica Lopez, Brent Hellman, Megan McGuinn, Shoshana Swain, Alejandra Ventura, Hamna Choudhry, and all others similarly situated under 29 U.S.C. § 216(b)**<br><br>*Plaintiffs,*<br><br>v.<br><br>**Fun Eats and Drinks, LLC dba Champps**<br><br>*Defendant.* | Civil Action No. <u>3:18-cv-1091</u> |

## COMPLAINT

Veronica Lopez, Brent Hellman, Megan McGuinn, Shoshana Swain, Alejandra Ventura, and Hamna Choudhry (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b) ("Class Members"), upon personal knowledge as to themselves, and upon information and belief as to other matters, file this Fair Labor Standards Act ("FLSA") lawsuit against Fun Eats and Drinks, LLC dba Champps ("Champps" or "Defendant") and in support show the Court and jury as follows:

### I.   INTRODUCTORY STATEMENT

1.   The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the

1

health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and overtime requirements. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.   The FLSA does allow employers to pay less than minimum wage to employees who receive tips. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *See Id.* In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id.*

3.   Defendant failed to pay Plaintiffs and Class Members in accordance with the FLSA in that they failed to lawfully administer a "tip credit" system, thereby violating the FLSA minimum wage requirements. Plaintiffs and Class Members were paid a sub-minimum hourly wage plus tips, which were improperly shared among other employees, who may not lawfully participate in a tip pool. Furthermore, Defendant also subjected Plaintiffs and Class Members to other unlawful deductions from their tips, which is also a violation of condition two of the tip credit. Finally, Defendant failed to inform Plaintiffs and Class Members of the FLSA's Section

203(m) tip-credit provisions.

4. Accordingly, Plaintiffs on behalf of themselves and all others similarly situated bring this collective action to recover unpaid wages under Section 216(b) of the FLSA, as well as all other applicable rules and law.

## II.   PARTIES

5. Plaintiff, Veronica Lopez, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Ms. Lopez's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit A."

6. Plaintiff, Brent Hellman, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Mr. Hellman's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit B."

7. Plaintiff, Megan McGuinn, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Ms. McGuinn's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit C."

8. Plaintiff, Shoshana Swain, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Ms. Swain's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit D."

9. Plaintiff, Alejandra Ventura, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Ms. Ventura's NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit E."

10. Plaintiff, Hamna Choudhry, an individual, was employed by Defendant within the three (3) years preceding the filing of this Complaint. Ms. Choudhry's

NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF is attached as "Exhibit F."

11.    Potential Class Members are all of Defendant's current and former bartenders and servers who worked at Defendant's restaurant location in Irving, Texas at any time during the three (3) year period preceding the filing of this lawsuit and were paid a direct cash wage of less than minimum wage ("Class Members"). Class Members will "opt in" pursuant to Section 216(b) of the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. § 216(b).

12.    At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

13.    Defendant Fun Eats and Drinks, LLC dba Champps ("Champps" or "Defendant"), is a limited liability company created under the laws of Wyoming and authorized to do business in the State of Texas. Champps is engaged in operating a restaurant establishment in Irving, Texas, which provides dining to paying customers, including out-of-state travelers. Champps can be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Austin, Texas 78701, or wherever it may be found.

### III.    JURISDICTION AND VENUE

14.    Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

15.    This Court has jurisdiction over the parties because Defendant operates a restaurant with a location in Texas and employs Texas residents to work at

Defendant's Texas business location.

16. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Defendant is operating a restaurant in Dallas County, Texas where Plaintiffs and Class Members work or worked for Defendant.

## IV.   FLSA COVERAGE

17. At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been, through unified operation or common control, engaged in operating a restaurant business.

18. At all material times, Defendant has been an "employer" with respect to Plaintiffs and Class Members as that term is defined in Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Class Members.

20. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees (including Plaintiffs and Class Members) engaged in commerce or in the production of goods for commerce, or (b) employees (including Plaintiffs and Class Members) handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than

$500,000, exclusive of excise taxes at the retail level that are separately stated.

21.    At all material times, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

22.    Specifically, as part of their employment with Defendant, Plaintiffs and Class Members handled or sold food and other food service items that traveled in interstate commerce, served customers who were traveling from out of state or across interstate lines, processed customer credit card payments for Defendant, and engaged in other activities related to commerce.

## V.    FACTS

23.    Defendant is primarily in the business of operating a restaurant called Champps, which, according to its website[1], owns and operates restaurant locations in Texas, Indiana, Michigan, Minnesota, New York, Ohio, Pennsylvania, and Virginia. Champps owns and operates a single location in Texas, which is where the Plaintiffs and Class Members worked, in Irving, Texas.

24.    Plaintiffs and Class Members were employed by Defendants as bartenders and servers to work at its Texas Champps location in Irving, Texas.

25.    Defendant employed Plaintiffs and Class Members in the State of Texas within the three (3) year period preceding the filing of this lawsuit and paid them all a subminimum wage per hour prior to accounting for the receipt of earned tips.

---

[1] https://champps.com/location-search/ (accessed April 5, 2018)

6

26. At all times relevant, Plaintiffs and Class Members were employees of Defendant as that term is defined by the FLSA and relevant case law. *See e.g., Circle C. Investments, Inc.*, 998 F.2d at 327.

27. Defendant willfully violated and is violating the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying Plaintiffs and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, a direct hourly wage that is less than the federal minimum wage cited in Section 206, which is currently $7.25 per hour.

28. Defendant relies on the tips generated from customers to supplement Plaintiffs and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour. *See* 29 U.S.C. § 203(m) Section 203(m) is known as the tip-credit and is an affirmative defense to the payment of minimum wage under Section 206 of the FLSA. *See Bernal v. Vankar Enters.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) ("Defendants, as the employers, bear the burden of proving that they are entitled to taking tip credits.")

29. Defendant violated the Section 203(m) affirmative defense by 1) retaining Plaintiffs and Class Members' tips for Defendant's own purposes by making unlawful deductions (e.g. cost of uniforms, charging for customers' walked tabs and cash shortages, and charging more than reasonable cost of meals); 2) requiring Plaintiffs and Class Members to contribute tips to ineligible employees; and 3) failing to notify Plaintiffs and Class Members of the tip credit provisions. Defendant's actions are in violation of Section 203(m) and therefore, Defendant has and is

violating the minimum wage as cited in 29 U.S.C. § 206.

30. More specifically, Defendant required Plaintiffs and Class Members to purchase uniforms from Defendant– specifically a Dallas Cowboys jersey. In some years, these uniforms that Plaintiffs and Class Members were required to purchase from Defendant were emblazoned with a Champps logo. The cost of these uniforms was passed along to Plaintiffs and Class Members, thereby, violating condition two of 29 U.S.C. § 203(m). *See also, Reich v. Priba Corp.*, 890 F. Supp. 586, 596-97 (N.D. Tex. 1995) (if employer requires employee to wear a uniform, employer cannot count uniform expense as wages to satisfy minimum wage requirement) (citing 29 C.F.R. 531.3(d)(1), (2) & 29 C.F.R. 531.32(c)).

31. Furthermore, Defendant has a policy requiring Plaintiffs and Class Members to pay the tab for customers who leave the restaurant without paying. Defendant also has a policy requiring Plaintiffs and Class Members to pay for any cash shortages at the end of their shift. Requiring tipped employees such as Plaintiffs and Class Members to pay for a walked tab or a cash shortage is an impermissible deduction from Plaintiffs and Class Members' tips.

32. This policy of requiring Plaintiffs and Class Members to pay for walked tabs and cash shortages is nothing more than an illegal attempt by Defendant to pass along its cost of doing business to Plaintiffs and Class Members. Defendant's policy requiring Plaintiffs and Class Members to pay for customers' walked tabs and cash shortages is an illegal retention of tips and violates Section 203(m) of the FLSA.

33. Next, Defendant charged Plaintiffs and Class Member the full menu

price of the meals that Plaintiffs and Class Members consumed during Plaintiffs and Class Members' shifts. *See Dole v. Bishop*, 740 F. Supp. 221, 1227 (S.D. Miss. 1990) (for employer-provided, on-the-job meals, employer can only charge employee for reasonable cost of meal to the employer) (citing 29 U.S.C. § 203(m)). Charging Plaintiffs and Class Members the full menu price of meals consumed during working hours is also a violation of Section 203(m).

34.    Additionally, Defendant violated the Section 203(m) affirmative defense when it required Plaintiffs and Class Members to participate in a tip pool of which a portion of the pool was distributed to employees who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008); *See also,* 29 C.F.R. § 531.35.

35.    For example, a portion of Plaintiffs and Class Members tips were required to be given to the service bartenders. The service bartender is a bartender who prepared drinks out-of-sight of the restaurant's patrons and was a sort of back-up support to the bartenders working at the main bar. The service bartender had no customer interaction and was not properly classified as a tipped employee who could lawfully participate in a tip pool. Recently, Champps stopped distributing Plaintiffs and Class Members' tips to these service bartenders.

36.    Also, a portion of Plaintiffs and Class Members tips also went to employees working as a bar back. The bar backs' primary duty is done outside the view of customers and is not a tipped occupation, but rather, a maintenance-type

position. Specifically, the bar backs change kegs, take out the trash, mop floors, and perform other general maintenance and janitorial type-work. The bar backs are not employees who customarily and regularly receive tips and therefore their inclusion in the tip pool is a violation of Section 203(m).

37.  Moreover, Plaintiff and Class Members who were working as servers, were required to share their tips with Defendant's busser. The busser performed duties that were above and beyond the traditional busser-type job duties. In addition to performing standard busser duties, the bussers at Champps spent more a large percentage of their time performing back-of-the-house duties such as washing dishes. However, Plaintiffs and Class Members were required to tip out the busser during the bussers' entire shift – including the time when the busser was performing back-of-the-house duties. The bussers were ineligible to receive tips based upon the time they spent performing back-of-the house duties and therefore, their inclusion in the tip pool is a violation of Section 203(m).

38.  Finally, Defendant did not inform Plaintiffs and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

    a. Defendant did not inform Plaintiffs and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

    b. Defendant did not inform Plaintiffs and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

    c. Defendant did not inform Plaintiffs and Class Members that the tip

credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

d. Defendant did not inform Plaintiffs and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See Id.*

39. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

40. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

41. During the three-year period prior to this suit, Defendant has employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

42. The foregoing paragraphs are fully incorporated herein.

43. Other employees have been victimized by Defendant's common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiffs are aware of other employees at Defendant's restaurant location in Texas who were paid in the same unlawful manner as Plaintiffs. Plaintiffs are aware that the illegal

practices or policies of Defendant have been uniformly imposed on the Class Members.

44. The proposed Class Members is comprised of:

> **All current and former employees who worked at Champps as servers and bartenders in Texas at any time during the three (3) years preceding the filing of this lawsuit and were paid a direct cash wage of less than federal minimum wage.**

45. Plaintiffs and the Class Members have the same pay structure, have the same job duties, were subjected to the same unlawful deductions, and were required to share their tips with other employees who do not customarily receive tips. Plaintiffs and Class Members are all victims of Defendant's unlawful policies and practices.

46. Defendant's failure to pay Plaintiffs and Class Members minimum wage in accordance with the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiffs or Class Members. Plaintiffs' experience in regards to pay is typical of the experiences of the Class Members.

47. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendant's systematic course of wrongful conduct in violation of the FLSA, caused harm to Plaintiffs and the Class Members.

**VII.   CAUSE OF ACTION NO. ONE: MINIMUM WAGE VIOLATIONS**

## PURSUANT TO THE FAIR LABOR STANDARDS ACT

48. The foregoing paragraphs are fully incorporated herein.

49. During the relevant period, Defendant has violated and is violating Sections 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiffs and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

50. Defendant pays Plaintiffs and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate is applicable to Defendant, Plaintiffs, or Class Members.

51. Defendant's failure to pay Plaintiffs and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

52. Defendant cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendant's practice of requiring Plaintiffs and Class Members to participate in an unlawful tip pool disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Furthermore, Defendant' practice of charging Plaintiffs and Class Members for various items and making other deductions from Plaintiffs and Class Members' tips also disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Finally, Defendant failed to give Plaintiffs and Class Members notice of

Section 23(m) prior to taking a tip-credit.

## VIII.  DAMAGES SOUGHT

53.    The foregoing paragraphs are fully incorporated herein.

54.    Plaintiffs and Class Members are entitled to recover compensation for the hours worked for which Plaintiffs and Class Members were not paid at the federally mandated minimum wage rate.

55.    Plaintiffs and Class Members are entitled to all the misappropriated funds, including remittance of the full amount of the tips Defendant received from customers, which were for the benefit of Plaintiffs and Class Members.

56.    Plaintiffs and Class Members are entitled to reimbursement of funds that were contributed to the illegal tip pool.

57.    Plaintiffs and Class Members are entitled to reimbursement of the funds deducted from Plaintiffs and Class Members' paychecks or required to be paid in cash to Defendant for meals and items that were for the benefit of Defendant or in furtherance of Defendant's business. Without repayment of these misappropriated funds, including the remittance of the full amount of tips received, Plaintiffs and Class Members will not have been paid minimum wage in accordance with the FLSA.

58.    Plaintiffs and Class Members are also entitled to an amount equal to all of the unpaid wages as liquidated damages as Defendant actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

59.    Since the foregoing violations may be continuing, additional amounts for unpaid wages are accruing for certain of the Plaintiffs and Class Members who are

still working for Defendant.

60. Plaintiffs and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

### IX.   JURY DEMAND

61. Plaintiffs and Class Members request trial by jury.

### X.   PRAYER

62. Plaintiffs (and those who may join in the suit) pray for judgment against Defendant as follows:

   a.   Designation of this action as a collective action on behalf of the proposed Class Members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

   b.   An award of damages pursuant to 29 U.S.C. § 216(b) of the FLSA, finding Defendant liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join in the suit);

   c.   An award pursuant to 29 U.S.C. § 216(b) of the FLSA, finding Defendant liable for Plaintiffs' (and those who may join in the suit) attorneys' fees, costs, and expenses incurred; and

    d.    For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax
ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS