UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VERONICA LOPEZ, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. 3:18-CV-1091-X |
| § | |
| FUN EATS AND DRINKS, LLC, § | |
| d/b/a/ Champps, § | |
| § | |
| *Defendant.* § | |

**MEMORANDUM OPINION AND ORDER**

Fun Eats and Drinks, LLC ("Champps") and Champps's General Counsel, Luke Kosters, violated multiple Court orders. Accordingly, Plaintiffs moved for contempt [Doc. 91] and moved for attorney fees [Doc. 101]. For the following reasons, the Court **GRANTS** Plaintiffs' motion for contempt and **GRANTS** Plaintiffs' motion for attorney fees. Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court finds Champps and Kosters in contempt and holds that they are jointly and severally liable for Plaintiffs' attorney fees incurred in connection with securing this Order.

**I. Legal Standard**

A civil-contempt order is appropriate where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct

1

by the respondent, and (3) the respondent failed to comply with the court's order."[1] "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order."[2]

## II. Findings of Fact

1. On September 8, 2022, the Court entered a final judgment against Champps, awarding Plaintiffs $538,824.08 plus an additional award for the attorney fees Plaintiffs incurred in securing the final judgment. Although Plaintiffs filed their motion for attorney fees on September 22, 2022, Champps ignored that motion.

2. On October 6, 2022, Plaintiffs served Champps with post-judgment discovery with a response deadline of November 7, 2022. Once again, Champps ignored that deadline. Accordingly, on November 8, 2022, Plaintiffs moved to compel post-judgment discovery.

3. In response, Champps's counsel, Stephen Key and John Freeman, moved to withdraw as counsel—citing Champps's failure to communicate with them about Plaintiffs' post-judgment discovery requests. The Court denied the motion "because [Champps], as an LLC, is a fictional legal person that can only be represented by licensed counsel."[3]

4. On December 5, 2022, the Court granted Plaintiffs' motion to compel and ordered Champps to, "by December 30, 2022, serve on Plaintiffs' counsel complete

---

[1] *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004).

[2] *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

[3] Doc. 87 (cleaned up).

2

written answers and responses . . . and produce all unproduced documents and electronically stored information that are responsive to Plaintiffs' First Set of Post-Judgment Discovery Requests."[4]  Nevertheless, Champps ignored the Court's order and failed to serve responses to Plaintiffs' post-judgment discovery requests by December 30, 2022.

5. Accordingly, on January 21, 2023, Plaintiffs filed a motion for contempt, asking the Court to hold Champps and its owners or agents in civil contempt for failing to comply with Court orders.

6. The Court scheduled a show-cause hearing for May 10, 2023 and ordered "Luke Kosters, [] Champps's General Counsel, to appear as a client representative at the Court's show[-]cause hearing on May 10, 2023."[5]  Champps's counsel filed a notice, confirming that they forwarded the Court's show-cause orders to Kosters, who acknowledged receipt.

7. Nevertheless, at the show-cause hearing, in defiance of the Court's order, Kosters was a no-show.  The Court held that Champps and Kosters were in civil contempt for flouting the Court's orders and found Champps and Kosters to be jointly and severally liable for any attorney fees Plaintiffs incurred in connection with the contempt proceedings.  The Court then ordered Plaintiffs to file (1) proposed findings of fact and conclusions of law and (2) a motion for attorney fees and costs.

---

[4] Doc. 88; *see also* Doc. 90.

[5] Doc. 95.

8.      As a result of the contemptuous actions of Champps and Kosters, through the declaration of Plaintiffs' Counsel, Drew Herrmann, Plaintiffs have established that they are entitled to recover $5,415 in attorney fees in connection with these contempt proceedings.

### III. Conclusions of Law

1.      Federal Rule of Civil Procedure 37(b)(2)(A)(i) allows a court to establish "designated facts" in favor of the prevailing party as a remedy for a party's disobedience.  Moreover, "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court . . . may issue further just orders."[6]

2.      Accordingly, a court may hold a defendant-company and its officer or managing agent in contempt for failing to comply with a court order, including an order to respond to post-judgment discovery or to appear for a hearing.   For instance, in a similar situation, this Court found that, by "failing to respond to discovery and in failing to comply with this Court's order granting [a] *Motion to Compel*," a defendant-company and its owners "violated Rule 37(b)(2)(A) and (D)[.]"[7]

---

[6] FED. R. CIV. PROC. 37(b)(2)(A); *see also id.* at (b)(2)(A)(vii) (authorizing the court to enter an order "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination").

[7] *Wright v. E-Sys., LLC*, No. 3:12-CV-4715-K-BK, 2016 WL 639049, at *2 (N.D. Tex. Jan. 27, 2016) (Toliver, J.), *report and recommendation adopted*, 2016 WL 631922 (N.D. Tex. Feb. 17, 2016) (Kinkeade, J.).

3. "[I]n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order."[8] "Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order."[9] In the contempt context, "clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations [s]ought to be established, evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."[10]

4. Here, the Court ordered Champps to respond fully and without objection to Plaintiffs' post-judgment discovery requests by December 30, 2022. Champps didn't respond at all. Likewise, the Court ordered Kosters to appear at the show-cause hearing on May 10, 2023. Kosters similarly thumbed his nose at the Court by being absent at the hearing.

5. As a result, the Court finds that Champps and Kosters failed to comply with the Court's orders. Specifically, the Court finds Champps in civil contempt for its refusal to comply with the Court's orders and respond to Plaintiffs' post-judgment discovery as ordered by the Court. Moreover, the Court finds Kosters in civil

---

[8] *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (cleaned up).

[9] *Chao v. Transocean Offshoren, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002).

[10] *Security & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 888910, at *3–4 (N.D. Tex. Feb. 13, 2018) (Fitzwater, J.) (cleaned up).

contempt for his failure to appear at the show-cause hearing on May 10, 2023 as ordered by the Court.

6. Reasonable attorney fees are available as a civil-contempt sanction "[a]lmost without exception" because they compensate injured parties for the inconvenience and expense of investigating and prosecuting the contempt.[11]

7. The Fifth Circuit uses the lodestar method for calculating reasonable attorney fees.[12]

8. The "lodestar" amount is determined by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.[13]

9. The "lodestar" is a presumptively reasonable fee, and it can only be adjusted in exceptional circumstances.[14] Lodestar hourly rates are based on "the prevailing market rates in the relevant community."[15]

10. Courts sometimes take an additional step to determine whether a lodestar should be adjusted downward or, in some cases, upward based on its analysis of multiple factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are (1) the time and labor required;

---

[11] *In re Skyport Glob. Commc'ns, Inc.*, 661 F. App'x 835, 841 (5th Cir. 2016) (cleaned up).

[12] *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010).

[13] *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam).

[14] *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

[15] *Id.* at 551.

(2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[16]

11. However, there is a strong presumption of the reasonableness of the lodestar.[17] And the amount may not be adjusted based on a *Johnson* factor already accounted for in the lodestar calculation.[18]

12. Plaintiffs' counsel, Drew Herrmann, charges $475 per hour for his legal services. The Court concludes that that's a reasonable hourly rate given Herrmann's experience.

13. Plaintiffs seek compensation for 11.7 hours of Herrmann's time. Having reviewed counsel's time records, the Court concludes that 11.4 of those hours were sufficiently related to the contempt proceedings and are a reasonable amount of time to spend on the contempt proceedings.[19]

---

[16] *Johnson*, 488 F.2d at 717–19.

[17] *Melendez v. DJJRN, Inc.*, No. 3:20-CV-102-S-BK, 2020 WL 7774940, at *5 (N.D. Tex. Nov. 16, 2020) (Toliver, M.J.), *report and recommendation adopted*, No. 3:20-CV-102-S-BK, 2020 WL 7771203 (N.D. Tex. Dec. 30, 2020) (Scholer, J.).

[18] *Richmond v. SW Closeouts, Inc.*, No. 3:14-CV-4298-K, 2016 WL 4368305, at *2 (N.D. Tex. Aug. 16, 2016) (Horan, M.J.).

[19] Plaintiffs request $5,557.50 for 11.7 hours of work multiplied by an hourly rate of $475. Having reviewed counsel's time records, the Court concludes that one of the entries—for "Phone call

14. Therefore, the Court **HOLDS IN CONTEMPT** Champps and Kosters for their failure to obey the Court's orders and finds them jointly and severally liable for Plaintiffs' attorney fees in the amount of $5,415.

### IV. Conclusion

For the above reasons, it is **ORDERED**, **ADJUDGED**, and **DECREED** that Champps and Kosters are jointly and severally liable for the attorney fees Plaintiffs incurred in connection with Plaintiffs' motion for contempt. The Court **ORDERS** Champps and Kosters to remit payment to Plaintiffs' counsel, Herrmann Law, PLLC, within fourteen days of this order, $5,415 for the attorney fees Plaintiffs incurred in connection with the contemptuous actions of Champps and Kosters.

**IT IS SO ORDERED** this 20th day of June, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

with Receiver appointed in Kessler v FEAD action"—doesn't provide enough detail for the Court to determine that that time was part of the time counsel spent on the contempt proceedings. Doc. 101-2 at 1. Accordingly, the Court does not award fees on that time entry. The new numbers are 11.4 hours multiplied by $475, which equals $5,415.