IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERONICA LOPEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | No. 3:18-cv-1091-X-BN |
| FUN EATS AND DRINKS, LLC, dba | § | |
| CHAMPPS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs have filed a Motion for Attorneys' Fees and Costs. *See* Dkt. No. 81.

Plaintiffs ask the Court to enter a Supplemental Final Judgment and award

Plaintiffs an additional $353,740.00 for their attorneys' fees as well as $8,158.49 for

their reasonable litigation-related expenses, with post-judgment interest to accrue on

these amounts until paid in full in the amount. *See* Dkt. No. 81 at 29; Dkt. No. 81-1.

Defendant Fun Eats and Drinks, LLC dba Champps has not responded, and

its deadline in which to do so has passed.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that the Court should grant the Motion for Attorneys' Fees and

Costs [Dkt. No. 81].

**Background**

As background, Plaintiffs explain that,

[d]uring the course of litigating this case for almost 4 ½ years, Plaintiffs
were required to engage in protracted discovery including reviewing

thousands of records before ultimately prevailing on their claims at summary judgment and then preparing for a jury trial to prove damages.

This lawsuit was filed as a collective action under 29 U.S.C. § 216(b). *See Compl.*, [ECF No. 1]. On August 3, 2018, the Court authorized Plaintiffs to distribute notice to a collective of Defendant's similarly situated servers and bartenders. *Order*, [ECF No. 16]. The opt-in period closed on October 16, 2018. *See Mot file Consent After Deadline*, [ECF No. 26 at p. 2]. Ultimately, we represented a total of forty-nine plaintiffs and opt-in plaintiffs who opted-in to this matter.

After engaging in extensive written discovery, Plaintiffs moved for Partial Summary Judgment on liability under the FLSA. *Pls Mot Summ. J.*, [ECF No. 37]. Thereafter, the parties completed briefing issues related to summary judgment including Plaintiffs' Motion to Strike Defendant's Summary Judgment Evidence.

On July 16, 2021, Magistrate Judge Horan issued a Report and Recommendation that this Court should grant Plaintiffs' Motion to Strike and Plaintiffs' Motion for Partial Summary Judgment. *See Report & Recommendation*, [ECF No. 49]. Thereafter, this Court adopted Magistrate Judge Horan's Report and Recommendation in full. *See Order*, [ECF No. 50].

In the months following the summary judgment ruling, Plaintiffs made numerous attempts to discuss the parties' respective positions regarding the issues remaining for trial (i.e. the number of hours worked and the amount of misappropriated tips). *See E-Mails Requesting to Confer about any Disputed Issues*, Exhibit 8 at App. 143-144 (e-mails dated Oct 2021 thru March 31, 2022); Exhibit 9 at App. 145-150 (e-mails dated May 9, 2022 thru May 17, 2022); Exhibit 10 at App. 151-152 (e-mails dated Aug 31, 2022 thru Sept 1, 2022). However, for more than a year following the Court's summary judgment ruling, Defendant persisted to dispute all remaining issues for determining damages, necessitating Plaintiffs to prepare to try this case to a jury.

After multiple attempts to request stipulations and Defendant's refusal to provide a counter-position on the remaining issues, approximately three weeks before trial Plaintiffs once again attempted in good faith to resolve this matter and avoid the substantial attorney's fees and expenses that were incurred in connection with preparing this matter for a jury trial. Defendant rejected Plaintiffs' offer and Plaintiffs were required to prepare all their pretrial materials and prepare this case for a jury trial.

After the parties filed their pretrial materials – jury instructions, interrogatories to the jury, joint pretrial order, motions in limine, exhibit lists and exhibits, witness list, proposed voir dire questions, and trial brief – and began preparing their objections and responses, Defendant

decided it had a change of heart. Now, on the eve of trial, Defendant decided it wanted to accept the stipulation Plaintiffs offered the week before which had already expired. Nevertheless, to avoid prolonging this case any further and to avoid the additional time and expense preparing to try this case to a jury, Plaintiffs elected to accept their prior offer of stipulation. The parties then notified the Court that all issues had been resolved and requested that a final judgment be entered.

On September 8, 2022, this Court entered a final Judgment in favor of Plaintiffs and awarding Plaintiffs the total sum of $538,824.08. *See Final Judgment*, [ECF No. 78]. As part of the final judgment, the Court ordered Plaintiffs to file their motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) within 14 days from the date the judgment was entered. *Id.* Therefore, as the prevailing parties under the FLSA, Plaintiffs now file this motion to recover their attorneys' fees and costs as authorized by Section 216(b) of the FLSA.

Dkt. No. 81 at 6-8.

## Legal Standards

"Under the FLSA, an employer who violates the statute is [] required to pay attorney[s'] fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees. *See* 29 U.S.C. § 216(b).")).

"This Court uses the 'lodestar' method to calculate attorney's fees. The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black*, 732 F.3d at 502 (cleaned up).

The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented, with the hours remaining being those reasonably expended. *See id.*

"[R]easonable hourly rates are to be calculated according to the prevailing market rates in the relevant community …. for similar services by lawyers of reasonably comparable skill, experience and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (cleaned up; quoting *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins*, 7 F.3d at 457.

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (cleaned up).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (cleaned up).

"Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (cleaned up)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances;

(8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the Fifth Circuit, without comment or reference to the *Perdue* decision, has continued to utilize the approach laid out by this Court. *See Black*, 732 F.3d at 502-03. *But see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a subsequent published opinion, rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

[w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....

And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....

In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95; *see also Rodney v. Elliot Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (per curiam).

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will consider the necessary factors when determining the appropriate amount of attorneys' fees.

And, in the end, this Court "'must provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not be so excruciatingly explicit that those decisions 'consume more paper than did the cases from which they arose." *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017)

(per curiam) (cleaned up). Instead, this Court's "analysis [must be] complete enough
for [the Fifth Circuit] to review whether the [C]ourt has used proper factual criteria
in exercising its discretion to fix just compensation." *Id.* (cleaned up).

## Analysis

The Court's Final Judgment orders "that Plaintiffs collectively recover
judgment against Defendant their attorneys' fees and related nontaxable expenses as
the Court shall hereafter award by separate memorandum opinion." Dkt. No. 78 at 1.

### I.    Attorneys' Fees

"Plaintiffs seek reasonable attorneys' fees based on the lodestar fee of
$353,740.00." Dkt. No. 81 at 9. "Plaintiffs seek recovery of time incurred by Drew
Herrmann at the rate of $475 per hour, Pamela Herrmann at the rate of $425 per
hour, and Allison Luttrell at $375 per hour." *Id.* at 10. "In addition to the hourly rates
requested by the attorneys at Herrmann Law, the firm's legal support staff (i.e. legal
assistants and a law clerk) were assigned various tasks to perform during the course
of litigating this matter," and "[t]he legal support staff who were assigned various
tasks and performed worked on this matter were billed at an hourly rate of $175 per
hour." *Id.* at 15.

Based on the evidence and approvals of similar rates submitted by Plaintiffs,
the undersigned finds that these rates are reasonable and within the market rate for
attorneys and legal support staff handling this type of litigation in the Dallas area.

And, "[a]s this case has taken more than 4 years to reach this point, Plaintiffs
seek compensation for the delay in payment." Dkt. No. 81 at 11. As Plaintiffs request,

the Court should use the attorneys' and their support staff members' current rates to compensate for the delay in payment. *See Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 773 (5th Cir. 1996) ("In compensating for a delay, the district court may either grant an unenhanced lodestar based on current rates, or calculate the lodestar using the rates applicable when the work was done and grant a delay enhancement. It may not do both." (cleaned up)).

Specifically, the Court should award fees based on attorney Drew N. Herrmann at $475.00 per hour; attorney Pamela G. Herrmann at $425.00 per hour; attorney Allison H. Luttrell at $375.00 per hour; law clerk Megan Weiershausen at $175.00 per hour; and Plaintiff's other legal support staff at $175.00 per hour.

Mr. Herrmann's supporting affidavit and the records attached to it include a narrative description of the work done and the number of hours that it took to complete the work. *See* Dkt. No. 82. And Mr. Herrmann explains that "the time our firm's Legal Support Staff [] as recorded on the firm's time records *attached as* Exhibit 1-A at App. 013 – App. 074) does not include all the time our Legal Support Staff spent working on this matter," Dkt. No. 82-1 at 11 of 12 – which reflects an exercise of billing judgment.

With that supporting evidence, "Plaintiffs seek an award of attorneys' fees based on the time incurred by Plaintiffs' counsel and the legal support staff assigned to this matter." Dkt. No. 81 at 16. "Plaintiffs submit that the total time incurred was necessary – particularly in light of the result obtained – and request the Court award them the lodestar fee." *Id.* at 18. Plaintiffs assert that

> [t]he lodestar fee is based on time that is reasonable and necessary – especially considering the result obtained and the time it took to bring this matter to a successful conclusion after 4 ½ years of litigation. Defendant never made any serious settlement offers and continually rejected Plaintiffs' attempts to resolve this dispute prior to incurring additional time continuing to litigate this case and preparing for trial before bringing this case to a successful conclusion. In other words, the decisions Defendant made over the course of 4 ½ years of litigation had a direct impact on the time Plaintiffs' counsel were required to spend litigating this matter. *Herrmann Decl.*, (Exhibit 1 at App. 008-010 ¶¶ 18, 20, 23); *Time Records*, (Exhibit 1-A at App. 013-074). Therefore, the time incurred is not only reasonable but was necessarily incurred as a result of Defendant's own decisions to continue litigating this case— even after liability was established – until the eve of the trial setting.

Dkt. No. 81 at 19. And "Plaintiffs submit that the lodestar is the reasonable fee ward, especially considering the results Plaintiffs were ultimately able achieve in this matter," where "the most critical factor – the degree of success obtained – weighs heavily in favor of Plaintiffs." *Id.* at 20.

Having carefully reviewed the billing records, the undersigned finds that the 986.40 hours of attorney and support staff time – all time incurred in over 4 years of litigation effort to achieve a significant victory for Plaintiffs on a contingency-fee arrangements – are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for tasks for which Plaintiffs should be awarded their requested attorneys' fees.

The undersigned therefore finds the appropriate lodestar here to be calculated as Plaintiffs request:

| Name | Initials | Title | Hrly Rate | Time Incurred | Lodestar |
|---|---|---|---|---|---|
| Drew N. Herrmann | DH | Attorney | $475 | 457.80 | $217,455.00 |
| Pamela G. Herrmann | PH | Attorney | $425 | 109.60 | $46,580.00 |

| Allison H. Luttrell | AL | Attorney | $375 | 81.90 | $30,712.50 |
|---|---|---|---|---|---|
| Megan Weiershausen | MW | Law Clerk | $175 | 131.40 | $22,995.00 |
| Legal Support Staff | LSS | Support Staff | $175 | 205.70 | $35,997.50 |
| | | | | 986.40 | $353,740.00 |

Dkt. No. 82-2 at 1 of 62.

While the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Other than the delay enhancement discussed above, Plaintiffs do not seek an enhancement of their attorneys' fees. Plaintiffs correctly note that "[t]he lodestar analysis already subsumed several of the Johnson factors, including the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the customary fee, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, and awards in similar cases" and that "[t]here is no evidence that the other factors (i.e., whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the undesirability of the case, and the nature and length of the professional relationship with the client) warrant any adjustment to the lodestar." Dkt. No. 81 at 21 n.4.

And the undersigned finds that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

The Court should award Plaintiffs their attorneys' fees in the lodestar amount of $353,740.00.

## II.    Related Nontaxable Expenses

In addition to the $2,403.70 in costs that have been taxed under 28 U.S.C. § 1920, *see* Dkt. No. 84, Plaintiffs seeks reimbursement under Section 216(b) and the

Court's Final Judgment of $8,158.49 in litigation-related expenses.

"In addition to the taxable costs listed under 28 U.S.C. § 1920, Texas District Courts have also determined that [additional] costs are ... appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Castro v. Precision Demolition LLC*, No. 3:15-cv-213-D, 2017 WL 6381742, at *10 (N.D. Tex. Dec. 14, 2017) (cleaned up). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Hilton v. Exec. Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (cleaned up).

As related, nontaxable litigation expenses, Plaintiffs seek to recover:

| Date | Type | Description | Amount |
|---|---|---|---|
| 04/27/2018 | Expense | First-Class Postage Judge's Copies of Complaint | $2.05 |
| 08/17/2018 | Expense | Stamps for mailing collective action packets (123 x 4 x .5) | $246.00 |
| 09/12/2018 | Expense | Postage resending Collective Action Notices to Haley Scurlock, Javinn Rucker, William McClinton, and William Edwards | $6.00 |
| 09/13/2018 | Expense | Postage resending Collective Action Packet to Calvin Glover | $1.50 |
| 09/13/2018 | Expense | Postage resending Collective Action Packet to Brittany Galbraith | $1.50 |
| 01/02/2019 | Expense | Postage sending letters to Aubree Kane and Janavia Jackson | $0.94 |
| 10/25/2019 | Expense | First class mailing fee for Expert Designations to John L Freeman, Brown Fox | $0.50 |
| 07/29/2020 | Expense | Mediation Fee - Dennis Clifford (Aug 5th Mediation) | $2,500.00 |
| 09/22/2022 | Expense | Atticus Third-Party Administrator Expense -- necessary to distribute payments, calculate tax withholdings, pay taxes, issue checks, a distribute payment to 49 plaintiffs | $5,400.00 |

Total Expenses:  $8,158.49

Dkt. No. 81 at 28.

The Court should determine that these are all appropriate related nontaxable expenses to award under Section 216(b) and the Court's Final Judgment and that they each were, as Mr. Herrmann explains, "reasonable and necessary to the prosecution of this case." Dkt. No. 82-1 at 11 of 12.

## Recommendation

The Court should grant Plaintiffs' Motion for Attorneys' Fees and Costs [Dkt. No. 81], award Plaintiffs an additional $353,740.00 for their attorneys' fees and $8,158.49 for their related nontaxable expenses under 29 U.S.C. § 216(b), and enter a Supplemental Final Judgment in substantially the same form as Plaintiffs' proposed version attached to their motion as Dkt. No. 81-1.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE